**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| KEVIN BONIN | CIVIL ACTION |
| VERSUS | |
| | 14-00771-SDD-RLB |
| MALACHI GEE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERVISING GUARD FOR THE STATE OF LOUISIANA, OFFICE OF JUVENILE JUSTICE, AND DR. MARY L. LIVERS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS DEPUTY SECRETARY OF THE STATE OF LOUISIANA, OFFICE OF JUVENILE | |

**RULING**

Before the Court is a *Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted*[1] filed by Defendant, Dr. Mary L. Livers, individually and in her official capacity as the Deputy Secretary of the Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice. Plaintiff, Kevin Bonin, has filed an *Opposition*.[2] For the following reasons, the Motion shall be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff, Kevin Bonin, has filed this civil rights *Complaint*[3] seeking relief under 42 U.S.C. § 1983 and § 1988 and under the laws of Louisiana against Malachi Gee ("Gee"), individually and in his official capacity as a supervising guard for the State of Louisiana, and Dr. Mary L. Livers ("Livers"), individually and in her official capacity as

---
[1] Rec. Doc. 5.
[2] Rec. Doc. 12.
[3] Rec. Doc. 1.

27031                                         1

Deputy Secretary of the Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice ("OJJ").

On December 29, 2013, while Bonin was incarcerated at the Jetson Center for Youth ("Jetson"), a state juvenile prison operated by the OJJ, he reported being bullied by his fellow inmates to Jetson security. After returning from the security office, Bonin claims that Gee, a Jetson guard, grabbed him from behind and placed him in a chokehold, and continued choking him until he became unconscious. Bonin claims that, while he was unconscious, Gee slammed his face onto the concrete bathroom floor, where he remained lying in his own blood. At some point, Bonin was transported to the hospital. As a result of the attack, Bonin sustained various lacerations and broken bones in his face. After he returned to Jetson, Bonin reported the incident to Jetson authorities. Bonin maintains that Gee's use of force was excessive, considering he neither provoked the attack, nor resisted Gee during the altercation. Approximately one month after the incident, the OJJ closed Jetson "deeming the facility unsafe due to its long history of violence against the juvenile inmates by the Jetson Center for Youth employees."[4]

On December 12, 2014, Bonin filed the pending action against Gee and Livers seeking to hold them individually, jointly, and *in solido* liable for monetary damages arising out of the altercation. Bonin has asserted 42 U.S.C. § 1983 claims against Livers in her official and individual capacity for violating his Eighth and Fourteenth Amendment rights. He specifically claims that Livers acted with deliberate indifference by failing to protect him from the pervasive violence at Jetson by failing to implement appropriate policies or procedures. Bonin further alleges that Livers violated his

---

[4] Rec. Doc. 1, p. 4.

constitutional rights because she failed to adequately train, educate, supervise, and discipline OJJ law enforcement employees regarding the appropriate use of force. In addition to his constitutional claims, Bonin also asserts various Louisiana state law claims against Livers for negligently hiring, training, and supervising Gee and for severe emotional anguish.[5] Bonin further claims Livers is vicariously liable for the tortious acts of Gee.[6]

Now Livers seeks dismissal of Bonin's claims, contending that they are barred by the Eleventh Amendment and the doctrine of qualified immunity. In response, Bonin argues that Livers is not entitled to qualified immunity; however, he fails to address her Eleventh Amendment challenge. In the alternative, Bonin requests that the Court issue a discovery order narrowly tailored to address Liver's qualified immunity defense.

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[7][8] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state

---

[5] Rec. Doc. 1, p. 10, ¶33. ("Livers … acted in violation of Louisiana Civil Code Article 2315 and 2316 by negligently hiring, training, and supervising defendant Malachi Gee III regarding constitutional rights and/or the use of force.").
[6] Rec. Doc. 1, p. 8, ¶28. ("Livers … is vicariously liable pursuant to Louisiana state law for the assault and battery committed by employee Malachi Gee III.").
[7] Jetson was closed on January 26, 2014.
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[9] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

27031                                  3

a claim to relief that is plausible on its face.'"[10]  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[11]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]  However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[15]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[16]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[17]

### B. Eleventh Amendment Immunity

Livers claims that she is entitled to Eleventh Amendment immunity on all of Bonin's claims, and she moves for dismissal under Rule 12(b)(6).  However, because

---

[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 540, 570 (2007)).
[11] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (hereinafter *Twombly*).
[12] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*")(quoting *Twombly*, 550 U.S. at 557).
[14] *Id.* (citing *Twombly*, 550 U.S. at 556).
[15] *Id.*
[16] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[17] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Eleventh Amendment immunity has a jurisdictional effect, the Court will evaluate Livers' argument as a request for dismissal under Rule 12(b)(1).[18]

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[19] Therefore, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[20] Ultimately, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[21]

The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.[22] The United States Court of Appeals for the Fifth Circuit has noted: "By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court."[23] The sovereign immunity afforded by the Eleventh Amendment extends to monetary damage claims brought against state officials in their official capacity.[24] "The Eleventh Amendment does not, however, bar suits seeking declaratory or injunctive relief against state officers."[25] "Eleventh Amendment immunity also extends to state law claims brought under pendent jurisdiction."[26]

---

[18] *Abdulaziz v. Sam Houston State Univ.*, 2013 WL 1787779, at *4 (S.D. Tex. Apr. 25, 2013)("The Fifth Circuit has referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction").
[19] *Wagster v. Gautreaux*, 2014 WL 3546997, at *1 (M.D.La. July 16, 2014)(quoting *Hall v. Louisiana, et al.,* 974 F.Supp.2d 978, 985 (M.D.La. September 30, 2013)(citing *Benton v. U.S.,* 960 F.2d 19, 21 (5th Cir.1992)).
[20] *Lewis v. Brown*, 2015 WL 803124, at *3 (M.D.La. Feb. 25, 2015).
[21] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citations omitted).
[22] *Blanchard v. Newton*, 865 F.Supp.2d 709, 713 (M.D.La. June 7, 2012).
[23] *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002).
[24] *Woodfox v. LeBlanc*, 2015 WL 1650281, at * 4 (M.D.La. April 14, 2015).
[25] *De Leon v. City of San Antonio*, 2014 WL 3407385, at *9 (W.D. Tex. July 10, 2014)(citations omitted).
[26] *Blanchard,* 865 F.Supp.2d at 713 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. at 120-21).

Bonin has asserted 42 U.S.C. § 1983 and state law claims against Livers in her official capacity as the Deputy Secretary for the Department of Public Safety and is seeking monetary damages. Notably, Livers did not consent to suit in this forum through removal, and the State of Louisiana has not waived its sovereign immunity. Additionally, Bonin is not seeking prospective relief. Accordingly, the Court finds that Bonin's 42 U.S.C. § 1983 and state law claims against Livers in her official capacity are barred by the Eleventh Amendment and shall be dismissed without prejudice.[27]

### C. Qualified Immunity – 42 U.S.C. §1983 Individual Capacity Claims

Bonin has also asserted 42 U.S.C. § 1983 claims against Livers in her individual capacity for violating his constitutional rights under the Eighth and Fourteenth Amendments because she was deliberately indifferent to his safety at Jetson. In response, Livers has raised the affirmative defense of qualified immunity.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[28] "Once a defendant raises the defense of qualified immunity it becomes the plaintiff's burden to show that it does not apply."[29] To satisfy that burden on a motion to dismiss, the plaintiff must allege facts which show that a defendant violated the plaintiff's constitutional rights and that the violation was "objectively unreasonable in light of clearly established law at the time of the violation."[30] "A plaintiff suing a state official claiming qualified immunity is subject to

---

[27] Because sovereign immunity deprives the court of jurisdiction, claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and without prejudice. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).
[28] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[29] *Jones v. Lowndes County, Miss.*, 678 F.3d 344, at 351 (5th Cir. 2012).
[30] *Stewart v. Gautreaux*, 2013 WL 2286103, at *2 (M.D.La. May 21, 2013)(citing *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011)(citing *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007)),

a heightened pleading standard, and to survive a motion to dismiss, he or she must plead facts in detail, which if proven, would defeat the defense."[31]

"The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; in addition, they must take reasonable measures to guarantee the safety of the inmates in their custody."[32] To establish a failure to protect claim under § 1983, Bonin must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to his need for protection."[33] A prison official acts with deliberate indifference under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."[34] "Deliberate indifference standard is an extremely high standard to meet."[35]

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[36] "'A supervisory official may be held liable … only if (1) [she] affirmatively participates in the acts that cause the constitutional deprivation, or (2) [she] implements unconstitutional policies that causally result in the constitutional injury."[37] To "establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed],

---

[31] *Robinson v. Epps*, 2013 WL 3190225, at *3 (S.D.Miss. June 21, 2013)(citing *Babb v. Dorman*, 33 F.3d 472, 475 n. 5 (5th Cir. 1994)).
[32] *McClinton v. Jones*, 2007 WL 2071820, at*2 (W.D.La. June 18, 2007).
[33] *Watson v. Doss*, 2005 WL 1802108, at*2 (S.D.Tex. July 28, 2005)(citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(citing *Farmer v. Brennan*, 114 S.CT. 1970, 1977 (1994))).
[34] *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).
[35] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[36] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)(citations omitted).
[37] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)(quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).

or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates."[38] "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights."[39] "A supervisor may also be liable for failure to supervise or train if: '(1) the supervisor either failed to supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's constitutional rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[40]

In this case, Bonin has sued Livers in her individual capacity as a supervisor.[41] Considering that Bonin has neither alleged nor argued that Livers affirmatively participated in the December 29, 2013 incident, the Court must determine whether Bonin has sufficiently pled a claim for deprivation of his constitutional rights due to a subordinate's implementation of a supervisor's wrongful policy or practice, or for failure to train, educate, supervise, or discipline.

As for Bonin's first claim against Livers, he contends that she failed to implement "adequate policies" regarding the use of excessive force.[42] In support of his argument, Bonin offers only conclusory allegations. For instance, he claims, without offering any factual support, that Livers knew or should have known of the "pattern of violence" and use of excessive force by Jetson staff on inmates.[43] Bonin, however, has not pled any facts that indicate that Gee had a history of using excessive force on other Jetson

---

[38] *Id.* (quoting *Gates*, 537 F.3d at 435)(emphasis original).
[39] Id. (quoting Rhyne v. Henderson Cnty., 973 F.2d 386, 392 (5th Cir. 1992).
[40] *Phillips v. Corrections Corp. of America*, 2006 WL 1308142, at *2 (W.D.La. May 10, 2006)(citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)).
[41] Rec. Doc. 1, p. 6, ¶5.
[42] Rec. Doc. 1, p. 6, ¶20.
[43] Rec. Doc. 1, p. 5, ¶16.

inmates, or that Gee was involved in any other altercations with Jetson inmates. The existence of a constitutionally deficient policy cannot be inferred from the single altercation to which Bonin refers in his *Complaint*. The *Complaint* is also devoid of any allegations that suggest that Livers was actually aware of of Bonin's altercation with Gee. Bonin also alleges that Livers' policies at Jetson "were grossly lacking in specificity about typical force scenarios that were likely to arise between adult personnel and the juvenile inmates and the proper way for personnel assigned to handle those situations."[44] Bonin has failed to allege or identify these inadequate policies or how they were insufficient. Moreover, Bonin has failed to allege a causal connection between Liver's failure to promulgate "adequate policies" and Gee's alleged use of excessive force. Such conclusory allegations are insufficient to satisfy Bonin's burden of pleading a constitutionally deficient policy that was the cause of his alleged deprivation of constitutional rights. Accordingly, the Court finds that Bonin has failed to sufficiently plead supervisory liability claim against Livers for failure to implement adequate policies regarding use of force.

Bonin has also asserted a claim against Livers for failing to train, educate, supervise, and discipline OJJ employees on the use of excessive force. Aside from alleging that Livers was Gee's supervisor, Bonin's only allegation in support of his failure to train, supervise, and discipline claim, is that "[t]he insufficiency of the force policies made it almost impossible to train guards adequately on the proper use of force to be used against the juvenile inmates."[45] The Court finds that these allegations are conclusory in nature and insufficient to satisfy the pleading standard. Therefore,

---

[44] Rec. Doc. 1, p. 6, ¶20.
[45] Rec. Doc. 1, p. 6, ¶20.

Bonin's claim of supervisory liability based upon failure to train, supervise, and discipline is hereby dismissed.

## III. CONCLUSION

Accordingly, Defendant Dr. Mary L. Livers' *Motion to Dismiss*[46] is GRANTED IN PART and DENIED IN PART.

The *Motion* is GRANTED on Eleventh Amendment immunity grounds as to Plaintiff Kevin Bonin's 42 U.S.C. § 1983 and state law claims against Defendant Dr. Mary L. Livers in her official capacity. These claims are hereby dismissed without prejudice.

The *Motion* is hereby GRANTED on Qualified Immunity grounds as to Plaintiff's 42 U.S.C. § 1983 claims against Defendant Dr. Mary L. Livers in her individual capacity. These claims are hereby dismissed with prejudice.

In all other respects, the Defendant Dr. Mary L. Livers' Motion is DENIED.

Signed in Baton Rouge, Louisiana, on June 12, 2015.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec. Doc. 5.

27031    10